IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    Plaintiff<br><br>        v.<br><br>ORLANDO ALVARADO-COSME<br><br>    Defendant | CRIMINAL NO. 15-0217 (RAM) |

## OPINION AND ORDER

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court are Defendant Orlando Alvarado-Cosme's ("Defendant") *Motion for Reduction of Sentence for Compassionate Release* ("*Motion*") and *Supplemental Motion for Reduction of Sentence* ("*Supplemental Motion*") as well as the Government's opposition thereto. (Docket Nos. 172, 176 and 180). The Court **DENIES WITHOUT PREJUDICE** the pending motions.

On February 15, 2018, Defendant was sentenced to a 66-month term of imprisonment for Possession with Intent to Distribute Controlled Substances in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B) (Count 1) and Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c) and (2) (Count 2). (Docket Nos. 113 and 114). He is scheduled for release on November 8, 2022. (Docket No. 180-1 at 1).

On June 17, 2021, he filed the *Motion* arguing he has completed seventy-two percent of his sentence and requesting a reduction of

the same. (Docket No. 172 at 1 and 3). He avers his facility might have a coronavirus case and since he suffered from severe asthma, he is more susceptible to getting COVID-19. Id. at 3 and 5. He also claims to not be a risk to society. Id. at 1 and 3. His *Supplemental Motion* highlights his Good Time credits and courses taken while imprisoned which, coupled with a lack of prior felony convictions and his age (51), means there are circumstances justifying his release. (Docket Nos. 180 at 1-2; 180-1).

On the other hand, the Government's opposition asserts that Defendant failed to exhaust all administrative remedies before filing with the Court. (Docket No. 176 at 2-6). It also maintains that Defendant failed to support his supposed compelling circumstances for a sentence reduction and that he failed to show he is not a danger to society. Id. at 6-10. The Court agrees.

Pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended, a court may not modify a final sentence unless a defendant has "fully exhausted all administrative rights to appeal a failure of" the Bureau of Prisons ("BOP") to bring a motion for reduction of sentence on his behalf or if thirty (30) days have elapsed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Even so, there must still be "extraordinary and compelling reasons" warranting a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). Here, Defendant failed to proffer any evidence that he filed a request with the BOP asking it to file a

motion on his behalf, let alone that he completed an appeals process from a possible adverse decision. Thus, he failed to exhaust all administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A). *See e.g.*, United States v. Britton, 473 F.Supp. 3d 14, 17 n.3 (D.N.H. 2020) (explaining the appeals process for an administrative request and holding that defendant could not prove he had exhausted all remedies by arguing he had received a denial from the BOP and failing to proffer evidence of having completed the appeals process). Further, other courts within the First Circuit have held that this requirement is a **mandatory** claim-processing rule not subject to equitable exceptions. Id. at 21; *see also* United States v. Lugo, 2020 WL 1821010, at *3 (D. Me. 2020). Thus, the Court cannot reduce Defendant's sentence. *See* United States v. De Jesús-Negrón, 498 F. Supp. 3d 275, 276–77 (D.P.R. 2020) ("[w]ithout exhaustion of his administrative remedies or a recommendation from the BOP, 18 U.S.C. § 3582(c)(1)(A) makes it clear the Court has no jurisdiction to reduce Defendant's sentence.") Defendant's silence in his *Supplemental Motion* as to his failure to exhaust concedes this point.

Even if the Court were to reach the merits, Defendant fails to present circumstances warranting release. First, he does not show he poses no danger to society if released. Second, compassionate release due to COVID-19 requires he show "both a

**particularized susceptibility** to the disease and a **particularized risk** of contracting the disease at his prison facility." United States v. Gandia-Maysonet, 2021 WL 219191, at *1 (D.P.R. 2021) (citation omitted) (emphasis added). Defendant has shown neither.

Defendant alleges he is at an increased risk of contracting COVID-19 because he has suffered from asthma. (Docket No. 172 at 3 and 5). While the Government acknowledges that having asthma may make a person more ill from contagion with COVID-19, it also correctly notes that Defendant did not proffer *any* evidence that he currently suffers from asthma. (Docket No. 176 at 8). Hence, the Court cannot find that Defendant's past asthma is a sufficient extraordinary reason justifying a sentence reduction. *See e.g.*, De Jesús-Negrón, 498 F. Supp. 3d at 276–77 (denying a motion for compassionate release in part because defendant failed to proffer medical records showing that a pre-existing medical condition made him more vulnerable to COVID-19).

**Lastly, Defendant has not shown a particularized risk of contracting COVID-19.** Currently, there are **zero (0)** confirmed active cases of COVID-19 among inmates at FPC Pensacola where Defendant is being held.[1] Further, **Alvarado-Cosme is fully vaccinated against COVID-19**, having received the first dose of the Pfizer vaccine on February 4, 2021 and the second dose on February

---

[1] *See Covid-19 Coronavirus*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/index.jsp (last visited on December 7, 2021).

26, 2021. (Docket No. 182 at 1). Courts within the Court of Appeals for the First Circuit have explained that "[t]he FDA has concluded through extensive testing that the Pfizer vaccine is 95% effective in preventing infection and severe disease." <u>United States v. Osorio</u>, 2021 WL 3079865, at *2 (D. Mass. 2021). Thus, courts have typically denied a defendant's motion for compassionate release when a defendant has received the COVID-19 vaccine. <u>Id.</u> (citation omitted); *see* <u>United States v. Adam A. Stone</u>, 2021 WL 5146183, at *7 (D. Me. 2021) (collecting cases); *see also* <u>United States v. James Melvin</u>, 2021 WL 3079867, at *2 (D. Mass. 2021) (finding that because defendant received the Pfizer vaccine and there were no positive COVID cases at his facility, "[a]ny residual risk in connection to the virus is not 'extraordinary and compelling.'") (citation omitted).

For the foregoing reasons, Defendant's *Motion for Reduction of Sentence for Compassionate Release* and *Supplemental Motion for Reduction of Sentence* are **DENIED WITHOUT PREJUDICE.**

IT IS SO ORDERED.

In San Juan, Puerto Rico this 7th day of December 2021.

S/ RAUL M. ARIAS-MARXUACH
UNITED STATES DISTRICT JUDGE